# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 5:21-CV-21-GCM-DCK

| | |
|---|---|
| **DELORES TAYLOR,** | ) |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure" (Document No. 11) and "Defendant's Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, and testimony from the hearing, the undersigned will recommend that Plaintiff's "Motion For Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I.  BACKGROUND

Plaintiff Delores Taylor ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about October 18, 2018, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning November 15, 2017.

(Transcript of the Record of Proceedings ("Tr.") 15, 200-09). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on February 27, 2019, and again after reconsideration on September 4, 2019. (Tr. 15, 129, 132, 137, 142). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 137, 142).

Plaintiff filed a timely written request for a hearing on September 11, 2019. (Tr. 15, 147). On July 1, 2020, Plaintiff appeared and testified at a telephonic hearing before Administrative Law Judge Barbara von Euler (the "ALJ"). (Tr. 15, 34-67). In addition, Andrew V. Beale, a vocational expert ("VE"), and Kenneth Martin, Plaintiff's attorney, appeared at the hearing. (Tr. 34).

The ALJ issued an unfavorable decision on July 30, 2020, denying Plaintiff's claim. (Tr. 15-28). On or about September 17, 2020, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on or about December 14, 2020. (Tr. 1-4). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 9, 2021. (Document No. 1). On June 8, 2021, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 11) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 12) were filed August 17, 2021.  The "Defendant's Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 16) were filed November 17. 2021.  Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See Local Rule 7.2 (e).

The pending motions are ripe for review and a recommended disposition to the Honorable Graham C. Mullen.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards.  Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between November 15, 2017, and the date of the ALJ decision.[1] (Tr. 15). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

> impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 27).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since November 15, 2017, the alleged disability onset date. (Tr. 18). At the second step, the ALJ found that seizure disorder and migraine headaches were severe impairments.[2] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform

> a full range of work at all exertional levels, but with the following nonexertional limitations: the claimant can never climb ladders,

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

> ropes or scaffolds; she can occasionally climb ramps and stairs; the claimant can never operate a motor vehicle; she can have no exposure to hazardous machinery or unprotected heights; the claimant is limited to work in a low stress setting, which is defined to mean work involving: no paced production requirements, such as on an assembly line, only simple work related decisions, few or no changes in the work setting, and no dealing with emergent situations as an essential function of the job.

(Tr. 21). In making this finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a tractor trailer truck driver and house cleaner. (Tr. 26). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 27). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a dietary aide, a housekeeper, and a sorter. (Tr. 27). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between November 15, 2017, and the date of her decision, July 30, 2020. (Tr. 28).

Plaintiff on appeal to this Court contends that the ALJ's RFC assessment is not supported by substantial evidence. (Document No. 12, p. 6).

**Plaintiff's Residual Functional Capacity**

In her assignment of error, Plaintiff argues that the ALJ failed "to conduct a proper function-by-function analysis of [Plaintiff's] impairments and fail[ed] to provide a logical bridge between the evidence in the record, her conclusions and her RFC findings." (Document No. 12,

6

p. 6). Plaintiff contends that the ALJ thus erred as a matter of law and that, alternatively, the ALJ's conclusions are not supported by substantial evidence. Id.

Plaintiff asserts that remand is appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." (Document No. 12, p. 7) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). Plaintiff contends that "[t]he RFC assessment also 'must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.'" Id. (citing S.S.R. § 96-8p). Plaintiff argues that "an 'ALJ needs to provide an explicit explanation linking medical evidence listed in the decision to his ultimate findings.'" (Document No. 12, p. 8) (quoting Monroe v. Colvin, 826 F.3d 176, 189-90 (4th Cir. 2016).

Plaintiff contends that in this case,

> the ALJ fails to provide a 'logical bridge' explaining why [Plaintiff's] severe impairments at Step 2, which occurred frequently and resulted in residual symptoms of extreme fatigue, pain, and symptoms associated with migraine headaches for which [Plaintiff] spent the following afternoon and up to 2-3 days in bed, did not require corresponding limitations accounting for off-task behaviors and unscheduled absenteeism in the RFC at Step 4.

(Document No. 12, p. 9).

Plaintiff "contends that the ALJ's failure to include any RFC limitations that would account for the [frequency and duration of her symptoms], especially her fatigue and difficulty functioning for up to 3 days following a seizure and/or migraine, is error that prevents substantial evidence from supporting the ALJ's RFC." (Document No. 12, p. 10). Plaintiff relies primarily on her own testimony as evidence indicating these particular limitations. See id. at pp. 10-12. Plaintiff argues that, "the ALJ never explains how the evidence she identifies and discusses supports her

7

conclusion that [Plaintiff's] allegations regarding her functional limitations are not consistent with the evidence in the record." Id. Plaintiff asserts that this error is harmful given the vocational expert's testimony that the absenteeism Plaintiff claims as a result of her impairments "would result in termination from employment, especially at the unskilled level." Id.

Plaintiff further argues that "the ALJ's purported reasoning for discounting [Plaintiff's] testimony regarding the frequency and the functional impact of her seizure and/or migraine headache episodes is not supported by the evidence of record." (Document No. 12, p. 11). Specifically, Plaintiff asserts the ALJ's conclusion that her impairments "improve with a reduction in stress…is not supported by the record." Id. Plaintiff contends "that her seizures and headaches are not under control despite ongoing treatment." See (Document No. 12, pp. 11-12) (citing Tr. 60, 301, 309-10, 321-23, 343, 347, 365, 369-72).

Additionally, Plaintiff asserts that "the ALJ's reliance on [Plaintiff's] continue[d] driving" is misplaced. Id. Plaintiff contends that, although she continues to drive despite several instructions from her doctors to stop, she "only continues to drive when necessary" and "she discontinued driving with her CDL consistent with her seizure disorder." Id. at 12-13. Plaintiff also takes issue with the ALJ's point that no headache or seizure diary exists in the record to substantiate Plaintiff's claims, countering that "there is no evidence in the record that [Plaintiff] did *not* keep these diaries…." Id. at 13 (emphasis added).

In response, Defendant argues that "substantial evidence supports, and the ALJ properly explained, the ALJ's RFC finding[.]" (Document No. 16, p. 4). Defendant points to Plaintiff's normal exam findings as evidence contradicting Plaintiff's testimony regarding the severity of her symptoms. (Document No. 16, p. 5-6, 8-9) (citing Tr. 23-25, 310-11, 314-15, 318-19, 322-23, 366-67, 370-71, 385-86). Defendant also notes Plaintiff's reports of periods free from overt

seizures, Plaintiff's repeated subjective correlation of her headaches with stress, Plaintiff's acknowledgment that her headaches improved with her Aimovig medication treatment, and Plaintiff's continued driving despite instructions from her doctors to stop. (Document No. 16, pp. 5-9, 13-14) (citing Tr. 23-24, 303, 313, 315, 317, 321, 323, 327, 343, 346, 350, 368-69, 384).

Defendant further notes that the ALJ explained "Plaintiff could 'do a range of work at all exertional levels because subsequent record[s] show relatively good function[.]'" (Document No. 16, p. 6) (citing Tr. 23). Defendant asserts "[t]he ALJ explained that she limited Plaintiff to a low-stress setting because Plaintiff reported increased seizures with stress." (Document No. 16, p. 7) (citing Tr. 24). Defendant points to the ALJ's "longitudinal explanation of Plaintiff's lack of exertional limitations," including the ALJ's analysis of Plaintiff's treatment notes, medication history, exam presentations, lifestyle and headache hygiene, and attendant symptoms. (Document No. 16, pp. 8-10) (citing Tr. 24-25, 363, 365-73, 384-87).

Defendant argues that "although Plaintiff refers to her 'well-supported symptoms of fatigue and weakness that would limit her activity levels for days'…she does not cite supportive evidence" on this point. (Document No. 16, p. 12) (citing Document No. 12, pp. 6-14). Defendant asserts that "Plaintiff's allegations from the hearing…are not reflected in the numerous treatment notes, spanning years, that the ALJ discussed." (Document No. 16, p. 12) (citing Tr. 53-54). Defendant contends that "Plaintiff's hearing testimony alone is insufficient to establish functional limitations in excess of the ALJ's RFC finding." Id. (citing Parms v. Colvin, 2015 WL 1143209, at *4 (M.D.N.C. Mar. 13, 2015).

Defendant also argues that "the ALJ considered Plaintiff's driving as one factor among many; she did not rely on it dispositively," and that regardless, Plaintiff's continued driving "indisputably undermines Plaintiff's claim." (Document No. 16, p. 13). Defendant notes the

ALJ's explanation that Plaintiff's continued driving "contrary to her neurologist's instruction…suggests her seizures or spells ha[d] not been occurring as frequently as she reported to her neurologist." (Document No. 16, p. 13) (citing Tr. 21, 25). Defendant further contends that "Plaintiff misunderstands the ALJ's reasoning" regarding the absence of a headache or seizure diary. (Document No. 16, p. 14). Defendant asserts, "[t]he point is not that Plaintiff's 'potential failure to keep a…diary would support a conclusion that she does not experience residual symptoms []'…but rather that there is no evidence…to substantiate Plaintiff's allegations." Id. (citing Document No. 12, p. 13).

The undersigned finds Defendant's position here most persuasive. Moreover, as noted above, Plaintiff has declined to file a reply brief rebutting Defendant's compelling arguments on these issues.

The ALJ acknowledged Plaintiff's testimony regarding the frequency and intensity of her seizures and headaches, including Plaintiff's statements that her symptoms are worsening. (Tr. 21-22). In support of her findings regarding these impairments, the ALJ cited to: Plaintiff's own subjective correlation of her episodes with stress; Plaintiff's mostly normal presentations during medical exams; Plaintiff's reports of periods without overt seizures; Plaintiff's reports of improved headache symptoms on her current medication; Plaintiff's continued driving despite instructions from her doctors not to; and the lack of a symptom log or evidence of witnessed events in the record to substantiate Plaintiff's claims of greater impairment. (Tr. 22-25) (citing Tr. 296-350, 363-73, 384-87).

The ALJ specifically related her RFC exertional determinations to Plaintiff's "improved function with treatment." (Tr. 23). She considered medical opinion evidence that Plaintiff should not drive due to her seizure disorder and reasoned that "[t]herefore, [Plaintiff] can never operate a

motor vehicle, and she should have no exposure to hazardous machinery or unprotected heights."

Id. The ALJ explained that

> [b]ecause [Plaintiff] reported increased seizures with stress, she is limited to work in a low stress setting, which is defined to mean work involving no paced production requirements, such as on an assembly line. It is also defined to require only simple work related decisions, few or no changes in the work setting, and no dealing with emergent situations as an essential function of the job.

(Tr. 24). The ALJ declined to restrict Plaintiff's RFC further, explaining that

> [t]he record thus shows [Plaintiff's] conditions have improved with a reduction in stress and with treatment, although the symptoms have not entirely been eliminated. The [ALJ] also notes that the claimant has continued to drive, suggesting that her seizures are not as limiting as alleged (see hearing testimony). That the claimant has continued to drive contrary to her neurologist's instruction also suggests her seizures or spells have not been occurring as frequently as she reported to her neurologist. It is also notable that while the claimant has reported the frequency of her headaches, spells, and seizures, she does not appear to have provided a headache or seizure diary to contemporaneously document these symptoms. Further, the record does not appear to contain descriptions of witnessed events. Nevertheless, the record clearly does show some ongoing symptoms related to her seizure disorder and migraines, and those symptoms are adequately accounted for with the restrictions in climbing, driving, and exposure to hazards and stress.

(Tr. 25).

It appears that the ALJ has weighed evidence supporting the severity of Plaintiff's symptoms against evidence undermining it and made credibility determinations accordingly. The question here is not whether this Court would have done exactly as the ALJ did in this particular situation. The undersigned reiterates that so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The undersigned is satisfied

that the ALJ has adequately considered Plaintiff's impairments in reaching a decision about an appropriate RFC; her decision is supported by substantial evidence and should be affirmed.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will respectfully recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment…" (Document No. 12) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 17) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue

in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED.**

Signed: July 20, 2022

David C. Keesler
United States Magistrate Judge